P. Outcalt & Co. *vs.* Burnet & Brother, et al.

———————

In Special Term—1855.—GHOLSON, J. presiding.

———

P. OUTCALT & Co. *vs.* BURNET & Brother, et al.

Where B. & B. *general* partners of a firm, in which R. was a *special* partner, under the Act of Assembly authorizing limited partnerships, acting under the *original* certificate, abandoned the business and left the State, without publishing notice of dissolution; leaving certain memoranda to be delivered to R, showing the liabilities of the concern, and some assets, and also the deed for a mill, belonging to one of the general partners, to be sold by R. to liquidate the debts of the firm; and R. sold the same, and realized the assets, which produced but a small dividend for creditors :

Held, that under these circumstances R. had not so *interfered* with the affairs of the firm as to render himself individually liable as a general partner, for their debts:

That Section 20 of the Act, providing that "no dissolution of a limited partnership shall take place by the act of the partners, previous to the time specified in the certificate of its renewal, until notice of such dissolution shall have been recorded in the office in which the original certificate was recorded and published," etc. has no applicatton to a dissolution during the time specified in the original certificate :

That under Section 10, providing that, " every alteration which shall be made in the names of the partners, in the nature of the business, or in any other matter specified in the original certificate, shall be deemed a dissolution of the partnership," etc. such abandonment by the general partners worked a dissolution :

That the interference within the meaning of the 14th Section of the law, must be an interference with an *existing* partnership. R.'s acts having been done after dissolution clearly did not make him liable individually, etc.

*Semble,* that even if the firm had been operating under a certificate of renewal, R's acts were not of such a character as to render him a general partner, etc.

GHOLSON, J.

This is an action on a promissory note purporting to have been made by Burnet & Brother. William Resor who is sued as a member of that firm, denies his liability as a general partner, claiming to have been only a special partner under the Act authorizing Limited Partnerships. This defence is met by the claim of the plaintiffs that the

defendant Resor has so acted in contravention of the provisions of the statute as to have made himself liable as a general partner.

The whole case turns on the effect of certain transactions on the part of Resor, after the concern of Burnet & Brother had in fact ceased to do business, and the two general partners had left the State, though no notice of dissolution had been published. It appears that up to that time the defendant Resor had in no manner interfered in the partnership, unless loaning his individual endorsement to the amount of $3,500 in addition to $5,000 capital actually paid in, (the whole of which, he is likely to lose,) may be considered an interference. When the general partners left the State, having abandoned the business, one of them I. G. Burnet left, to be delivered to Resor, memoranda showing the liabilities of the concern and some few assets. He also left a deed for a mill which had been used by the partnership, but which was the individual property of I. G. Burnet. The expectation was that by the sale of the mill property and the realization of the other assets, not only the creditors would be paid, but also the capital advanced. With this view, Resor has proceeded in good faith to dispose of the mill and realize the other assets. But so far from answering the expectation, the property has yielded only a small pittance for division among the creditors, which division Resor is entirely willing to make.

Under these circumstances, if Resor has made himself individually liable to a creditor who had trusted and taken the security of the partnership before it ceased to do business, the liability must arise from the stringency of some of the provisions of the Statute; it certainly has no foundation in any principle of equity or justice.

The 14th Section of the Act to authorize and regulate Limited Partnerships, [*Swan* 595] provides that "A special partner may, from time to time, examine into the state and progress of the partnership concerns, and may advise as to their management; but he shall not transact any business on account of the partnership, nor be employed for that purpose as agent, or otherwise; if he shall interfere contrary to these provisions, he shall be deemed a general partner."

The 20th Section provides that "No dissolution of a limited partnership shall take place by the acts of the partners previous to the time specified in the certificate of its renewal, until notice of such dissolution shall have been recorded in the office in which the original certificate was recorded and published," &c.

It is claimed by the counsel for the plaintiff that the acts of the general partners in abandoning not only the business, but the State, did not amount to a dissolution of the partnership; that this could only be effected during the period for which the articles provided it should continue, by a notice recorded and published as provided in the section just cited.    Now I do not understand that Section of the Statute to apply to this case.    The business was being carried on under the original certificate, which limited the partnership in respect of time to the 15th of September, 1855; and not under a certificate of renewal, in reference to which, alone, the 20th Section provides.    On the contrary, the 10th Section provides that "Every alteration which shall be made in the names of the partners, in the nature of the business, or in any other matter specified in the original certificate, shall be deemed a dissolution of the partnership," &c.    If an al-

teration in the nature of the business can be deemed a dissolution of the partnership, certainly its entire abandonment may be. And the partnership having thus ceased to exist, the acts of the defendant cannot be said to have been an interference within the meaning of the 14th Section. He could not be properly said to have transacted any business on account of the partnership, nor to be employed for that purpose as agent, or otherwise, for these expressions evidently contemplate an actually existing partnership.

Indeed, if the partnership, at the time its business was abandoned, and the general partners left the State, had been acting under a certificate of renewal, though technically, the partnership might be deemed to exist, no notice of dissolution having been published, I do not think the acts done by the defendant Resor, were of the character contemplated by the 14th Section, or would constitute such an interference as to make him liable for the debts of the partnership.

As I do not think it would be just, it gives me satisfaction to find that there is no provision of the law which requires me to impose the obligation of this debt on the defendant Resor. The debt was not contracted on his credit, and he will lose enough without being charged with its payment.

There must be a judgment for the defendant Resor.

BALL, for Plaintiffs.
BURNET, for Defendants.